```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

EDWARD D. BROCKMAN,                §
                                   §
          Petitioner,              §
                                   §
v.                                 §      No. 4:21-CV-128-Y
                                   §
BOBBY LUMPKIN, Director,           §
Texas Department of Criminal       §
Justice, Correctional              §
Institutions Division,             §
                                   §
          Respondent.              §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Edward D. Brockman, a state prisoner, against Bobby Lumpkin, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, Respondent's Answer, and Petitioner's Reply, the Court has concluded that the petition should be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was indicted in Tarrant County, Texas, Case No. 1550194, on one count of continuous sexual abuse of a child and four lesser included counts of aggravated sexual assault of a child. (SHR 4-5, doc. 19-12.[1]) On July 13, 2018, a jury found Petitioner guilty of continuous sexual abuse of a child and sentenced him to forty-seven and one-half years' imprisonment. (*Id.* at 6-8.) The Second Court of Appeals of Texas affirmed Petitioner's conviction on August 28, 2019. See *Brockman v.*

---

[1] "SHR" refers to the record of Petitioner's state habeas proceeding in WR 91,375-01. Because the record is sometimes not paginated, the pagination in the ECF header is used.

*State*, 02-18-00327-CR, 2019 WL 4048872 (Tex. App.—Fort Worth Aug. 28, 2019, pet. ref'd). His petition for discretionary review (PDR) was refused on February 12, 2020. See *Brockman v. State*, PD-1078-19 (Tex. Crim. App. 2019).

Petitioner filed a post-conviction state habeas-corpus petition challenging his conviction on April 21, 2020. (SHR 12-30, doc. 19-12.) On December 16 the Texas Court of Criminal Appeals (CCA) denied the application without written order on findings of the trial court without a hearing and on the court's independent review of the record. (*Id.* at "Action Taken" Sheet, doc. 19-8.) Petitioner then filed the instant petition on February 3, 2021.

The state appellate court summarized the facts of the case as follows:

> [Petitioner] lived with Complainant J.M. and his mother on an off-and-on basis from February 2015 to May 2016. J.M. testified that from the time he was six or seven years old, [Petitioner] would sexually abuse him every time J.M.'s mother left to run errands. Eventually, J.M. told his mother what [Petitioner] had done to him. When his mother confronted [Petitioner] and tried to call the police, [Petitioner] picked her up from behind the neck and slammed her on the ground.

*Brockman*, 2019 WL 4048872, at *1.

## II. ISSUES

Petitioner asserts that his rights under the United States Constitution were violated on the following grounds:

(1) The trial court erred by allowing the jury to deliberate "judging [Petitioner] off bad character";

(2) Trial counsel provided ineffective assistance by failing to hire a forensic expert and failing to request a

2

        directed verdict;

(3)   There is no evidence to support the conviction; and

(4)   The trial court erred by allowing extraneous, perjured testimony from the victim's mother.

(Pet. 6-7, doc. 1; Pet'r's Mem. 8-15, doc. 2.[2])

### III. RULE 5 STATEMENT

Respondent believes that Petitioner has sufficiently exhausted his state-court remedies as to the claims raised and asserts that the petition is neither barred by limitations nor subject to the successive-petition bar. (Resp't's Answer 4, doc. 17.)

### IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Id.* § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d

---

[2] Because Petitioner's memorandum of law in support of his petition is not paginated, the pagination in the ECF header is used.

3

481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both express and implied findings of fact. *Valdez v. Cockrell,* 274 F.3d 941, 948 (5th Cir. 2001). A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Furthermore, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1191-92 (2018). If there is no related state-court decision providing the court's reasoning, a federal court may infer fact findings consistent with the court's disposition of the claims, assume that the state court applied the proper clearly established federal law to the facts of the case, and then determine whether its decision was contrary to or an objectively unreasonable application of that law. See 28 U.S.C.A. § 2254(d)(1); *Virgil v. Dretke,* 446 F.3d 598, 604 (5th Cir. 2006); *Valdez v. Cockrell,* 274 F.3d 914, 948 n.11 (5th Cir. 2001). A federal court defers to and accepts a state court's interpretation of its own law, unless that interpretation violates the United States

4

Constitution. *Creel v. Johnson,* 162 F.3d 385, 391 (5th Cir. 1998).

**V. DISCUSSION**

**A.    Trial Court Error (Grounds One and Four)**

Petitioner asserts that the trial court erred by (i) telling the jury "there was no evidence in this case" before allowing them to "deliberate judging [him] off bad character" (Ground One); and (ii) allowing the victim's mother to testify that Petitioner assaulted her during an argument (Ground Four). (Pet. 6-7, doc. 1; Pet'r's Mem. 8-10, 12-14, doc. 2.) Respondent contends that Petitioner "has not established that the alleged errors resulted in a trial that was 'fundamentally unfair' and his claims are therefore conclusory and without merit." (Resp't's Answer 9, doc. 17.)

"Federal habeas relief cannot be had 'absent the allegation by a petitioner that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). In federal habeas-corpus actions, federal courts do not sit to review the mere admissibility of evidence under state law or errors under state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States."); *Hill v. Johnson*, 210 F.3d 481, 491 (5th Cir. 2000); *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1992) ("errors of state law, including evidentiary errors, are not cognizable in habeas corpus").

5

Habeas relief is warranted only when an erroneous admission played a crucial, critical, and highly significant role in the trial. *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983); *Bailey v. Procunier*, 744 F.2d 1166, 1168-69 (5th Cir. 1984).

To warrant relief, the trial court error must do more than merely affect the verdict; it must render the trial as a whole fundamentally unfair. *Bailey*, 744 F.2d at 1168; *Nelson v. Estelle*, 642 F.2d 903, 907 (5th Cir. 1981). The test applied to determine whether an error by the trial court rendered the trial fundamentally unfair is if there is a reasonable probability that the verdict would be different had the trial been conducted properly. *See Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). The United States Supreme Court has held that on federal habeas review of state-court convictions, a federal harmless error standard applies. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Billiot v. Puckett*, 135 F.3d 311, 318 (5th Cir. 1998). Thus, to be actionable, the trial court error must have "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht*, 507 U.S. at 637 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Under this standard, a petitioner is not entitled to federal habeas relief based on trial error unless he can establish that the error resulted in actual prejudice. *Id.* "[A] state defendant has no constitutional right to an errorless trial." *Bailey*, 744 F.2d at 1168.

### 1. Comments by Trial Court on the Evidence

Petitioner contends that the trial court abused its discretion by stating that "there was no evidence in this case," then allowing the jury

6

to deliberate "off of bad character." (Pet. 6, doc. 1; Pet'r's Mem. 8-10, doc. 2.) Respondent argues that this claim is "conclusory and meritless."(Resp't's Answer 11, doc. 17.)

Petitioner raised this claim in his state writ application. The state habeas judge found that "the record does not reflect that the trial court stated there was no evidence," and Petitioner did not present any evidence to support his claim. (SHR 91, doc. 19-12.) As such, the Court finds his claim contradicted by the record and conclusory. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Moreover, there was sufficient evidence to uphold the jury's conviction. See Section V(C), *infra*.

### 2. Testimony of Witnesses

Second, Petitioner contends that the trial court erred by allowing the victim's mother to testify about Petitioner is assaulting her during an argument. (Pet. 7, doc. 1; Pet'r's Mem. 12-14, doc. 2.)

Petitioner raised this claim on direct appeal. The Second Court of Appeals addressed it as follows:

> In his second and third points, [Petitioner] argues that the trial court reversibly erred in violation of evidentiary rule 403 by admitting evidence through J.M.'s testimony and through his mother's testimony that [Petitioner] body-slammed J.M.'s mother when she tried to report the sexual abuse by [Petitioner] to the police.
> As the State prepared to offer evidence of [Petitioner's] body-slamming J.M.'s mother, the State addressed [Petitioner's] motion in limine:
>
> > MR. KNIGHT: Judge -- Judge, there was a motion in limine on 38.37 specifically regarding a body-slamming incident. And, Judge, I would like to

7

> go into that with [J.M.] at this time.
>
> THE COURT: For what purpose?
>
> MR. KNIGHT: Judge, to show the consciousness of guilt of this defendant.
>
> MR. ST. JOHN: Same objection. It's not relevant. It doesn't show any guilt at all. It's not relevant to the allegation, period.

The trial court clarified that the assault on J.M.'s mother occurred at or near the time of the outcry when she confronted [Petitioner] and before she had reported the sexual abuse to the police. The trial court announced the testimony of the body slam would be admitted before the jury and [Petitioner] raised a 403 objection. The trial court announced he had performed the requisite balancing tests and, again, that the evidence would be admitted.

During J.M.'s testimony about the [Petitioner's] body slamming J.M.'s mother while she called the police, [Petitioner] stated he renewed the objection he had previously made, but he did not explain whether he was renewing his 403 objection or his 38.37 objection. Nor did he ask for a continuing objection.

The State argues [Petitioner's] violent response to J.M.'s accusation was admissible as a demonstration of [Petitioner's] consciousness of guilt, and therefore, admissible as one of the strongest kinds of evidence of guilt.

Under Texas Rule of Evidence 403, the trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, the jury's being misled, undue delay, or the needless presentation of cumulative evidence. "The issue is whether the search for truth will be helped or hindered by the interjection of distracting, confusing, or emotionally charged evidence." The Texas Court of Criminal Appeals has explained that the court may not exclude relevant evidence that is merely prejudicial because all evidence against a defendant is, by its nature, prejudicial against the defendant; only unfairly prejudicial evidence may be excluded.

[Petitioner's] reaction to J.M.'s mother confronting him and calling the police was part of the experience J.M. related of a prolonged period of sexual abuse that he finally revealed to his mother. The outburst simply helps complete the story. The testimony was relevant, and although it was prejudicial, its probative value is not substantially outweighed by a danger of unfair prejudice, confusion of the issues, the jury's being misled, undue delay, or the needless presentation of cumulative evidence.

> The trial court did not err by admitting the evidence of [Petitioner's] trying to prevent J.M.'s mother from reporting the abuse to the police. We therefore overrule [Petitioner's] second and third points on appeal.

*Brockman*, 2019 WL 4048872, at *2–3.

This Court agrees with the state appellate court's analysis and adopts it as that of the Court. As such, the Court concludes this claim is without merit. Additionally, insofar as Petitioner's claim is predicated on state law, it is not cognizable in this federal forum. *See Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (A federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law.")(citations omitted); *Derden*, 978 F.2d at 1458 ("errors of state law, including evidentiary errors, are not cognizable in habeas corpus").

Petitioner has failed to establish that the State courts' rejection of his trial court error claims was objectively unreasonable. Petitioner is, therefore, not entitled to relief under grounds one and four.

### B. Ineffective Assistance of Counsel (Ground Two)

Under his second ground, Petitioner claims that he received ineffective assistance of trial counsel. (Pet. 6, doc. 1; Pet'r's Mem. 10-12, doc. 2.) Respondent contends that "[t]hese claims are refuted by the record and without merit." (Resp't's Answer 13, doc. 17.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. *See* U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that but for counsel's deficient performance

9

the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective-assistance claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state court's decision was contrary to or involved an unreasonable application of the *Strickland* standard in light of the state-court record. *Richter,* 562 U.S. at 100-01 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Thus, a federal court's review of state-court decisions regarding ineffective assistance of counsel must be "doubly deferential" so as to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow,* 571 U.S. 12, 15 (2013) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011)).

Petitioner claims his trial counsel, J. Warren St. John, was ineffective—

→   by failing to request a directed verdict; and

→   by failing to hire a forensic expert.

(Pet. 6, doc. 1; Mem. 10-12, doc. 2.) The Court addresses these claims of ineffective assistance of counsel in turn.

With respect to Petitioner's contention that his counsel was

10

ineffective because he failed to request a directed verdict, the state law issues underlying Petitioner's ineffective-assistance claim were determined against him by the state habeas court when it made written findings of fact and conclusions of law. (SHR 91-97, Proposed Findings and Conclusions, doc. 19-12; *id.* at 100, Order adopting proposed findings and conclusions, doc. 19-12.)

Specifically, Petitioner raised this ineffective-assistance claim on state habeas review, and the state habeas court made the following findings and conclusions:

> 6. [Petitioner] presents no evidence to support his claim that the trial court stated that there was no physical evidence to convict [Petitioner]. *See* Application, p. 10-11.
> 
> 7. The record does not reflect that the trial court stated there was no evidence. [4 RR 128]
> 
> 8. Trial counsel moved for a directed verdict. [4 RR 125-28]
> 
> 9. No affidavit is needed from trial counsel because the record reflects counsel properly did what [Petitioner] states he did not do. See Application, p. 10-11; [4 RR 125-28].
> 
> 10. There is no evidence that counsel's representation fell below an objective standard of reasonableness.
> 
> 11. There is no evidence that the outcome of the proceeding would have been different but for the alleged misconduct.
> 
> ...
> 
> 25. Counsel properly moved for a directed verdict.
> 
> 26. [Petitioner] has failed to prove that trial counsel's representation fell below an objective standard of reasonableness.

11

> 27. [Petitioner] has failed to show that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel objected more to the State's evidence.
>
> 30. [Petitioner] has failed to prove that there exists a reasonable likelihood that the outcomes of the trial proceedings would have been different but for the alleged misconduct.
>
> 31. [Petitioner] has failed to prove that he received ineffective assistance of counsel.

(*Id.* at 91-92, 96-97, Proposed Findings and Conclusions, doc. 19-12; *id.* at 100, Order adopting proposed findings and conclusions, doc. 19-12.)

When a petitioner's ineffective-assistance claims have been reviewed on their merits and denied by the state court, such as here, federal habeas relief will be granted only when the state court's decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*. *See Haynes v. Cain*, 298 F.3d 375, 379 (5th Cir. 2002); *Santellan v. Cockrell*, 271 F.3d 190, 198 (5th Cir. 2001). Petitioner has failed to meet his burden of so demonstrating. He fails to show that his case was prejudiced by alleged trial-counsel deficiency, *see Strickland*, 466 U.S. at 687, and fails to show that the state-court decision involved an unreasonable application of the *Strickland* standard. *See Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997).

With respect to Petitioner's contention that his counsel was ineffective because he failed to hire a forensic expert, this claim fails. Post-conviction claims of "uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness

12

would have testified are largely speculative." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). The decision to present witness testimony is essentially trial strategy and thus within counsel's domain. *See United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983). For a petitioner to prevail with an uncalled-witness claim, he must demonstrate that the witness would have testified at trial and that the testimony would have been favorable. *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981). This demonstration is "required for uncalled lay and expert witnesses alike." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Petitioner presented no affidavits or other evidence to establish what the substance of any expert testimony would have been and how it would have benefitted his defense.

In summary, Petitioner has not demonstrated deficient performance or shown any reasonable probability that the outcome of his trial would have been different but for counsel's alleged deficiencies. He is, therefore, not entitled to relief under ground two.

### C. Sufficiency of the Evidence (Ground Three)

Under his third ground, Petitioner claims that the evidence was insufficient to prove he committed the offense of continuous sexual abuse of a child. (Pet. 7, doc. 1; Pet'r's Mem. 14-15, doc. 2.) Respondent contends that this "claim is meritless based on the reasoning articulated in the state appellate court's opinion." (Resp't's Answer 18, doc. 17.)

Federal habeas review of a legal sufficiency claim is extremely limited. The inquiry in a legal-sufficiency analysis requires only that a reviewing court determine whether, after viewing the evidence in the

13

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979). In conducting a *Jackson* review, a federal habeas court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the prosecution, with all reasonable inferences to be made in support of the jury's verdict. *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997); *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995). Where a state appellate court has conducted a thoughtful review of the evidence, its determination is entitled to great deference. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993).

In Texas, a person commits the offense of continuous sexual abuse of a young child if, during a period that is thirty days or more in duration, the person commits two or more acts of sexual abuse against a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(c)(2), (3), (4), (6) (West 2021). Based on the evidence adduced at trial, the Second Court of Appeals, which issued the "last reasoned opinion," applied the *Jackson* standard, and addressed the claim as follows:

> In his first point, [Petitioner] argues that the evidence is insufficient to support his conviction because J.M.'s testimony was not consistent with the testimony of the SANE nurse who found no evidence of sexual abuse.
>
> In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. A person commits the offense of continuous sexual abuse of a young child if, during a period that is thirty days or more in duration, the person commits two or more acts of sexual abuse

14

>     against a child younger than fourteen years of age.
>
>     An "act of sexual abuse" includes indecency with a child other than by touching, sexual assault, aggravated sexual assault, and sexual performance with a child. The testimony of a child sexual abuse victim, alone, can be sufficient to support a conviction for continuous sexual abuse of a child. Here, the testimony of J.M.'s mother, of the forensic interviewer, and of the SANE nurse was consistent with J.M.'s trial testimony. Although the SANE nurse saw no evidence of injuries to J.M.'s anus, she testified that she often does not see injuries to a child's anus after an adult penis has contacted the child's anus, because of the way a child's body reacts to the trauma. Thus, the SANE nurse's testimony was not inconsistent with J.M.'s because many of the instances of sexual abuse described by him would not leave evidence.
>
>     Considering the record as a whole, and applying the appropriate standard of review, we hold the evidence sufficient to support the jury's verdict. We overrule [Petitioner's] first point.

*Brockman*, 2019 WL 4048872, at *1-2.

The state appellate court's application of *Jackson* was not objectively unreasonable. In addition, as Respondent notes, Petitioner provides no rebuttal of the state appellate court's analysis on this issue. (Pet. 7, doc. 1; Pet'r's Mem. 14-15, doc. 2.) Respondent asserts he "agrees with the state appellate court and adopts its reasoning as his own for why this claim is meritless." (Resp't's Answer 20, doc. 17.)

The jury retains the sole authority to judge the credibility of the witnesses and decide how much weight should be given to their testimony. *United States v. Layne,* 43 F.3d 127, 130 (5th Cir. 1995). A jury is not to be second-guessed by a reviewing court in its choice of which witnesses to believe. *See United States v. Dean*, 5 F.3d 1479, 1484 (5th Cir. 1995).

Giving due deference to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts, Petitioner

15

cannot show the state court's denial of this claim was a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d).

Petitioner is, therefore, not entitled to relief under ground three.

## VI. Conclusion

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler*, 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made a showing that reasonable jurists would question this Court's resolution of his constitutional claims. Therefore, a certificate of appealability should not issue.

SIGNED October 20, 2021.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

16